Kelly WARMKESSEL, Appellee

v.

Eric HEFFNER, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 29, 2010.

Filed March 10, 2011.

Roarke T. Aston, Reading, for appellant.

John T. Adams, Reading, for appellee.

BEFORE: STEVENS, GANTMAN, and FITZGERALD *, JJ.

* Former Justice specially assigned to the Supe-

**OPINION BY GANTMAN, J.:**

Appellant, Eric Heffner, appeals from the order entered in the Berks County Court of Common Pleas, finding him in civil contempt for nonpayment of court-ordered child support and imposing sanctions in the form of a maximum of three (3) months of imprisonment with a purge amount of one hundred dollars ($100.00). Appellant's sole complaint on appeal is that the court erred when it refused to give him credit against his incarceration sanction for the time he served from February 5, 2010, when police took him into custody, until the support enforcement hearing on February 26, 2010. We hold Appellant was not entitled to "credit" against his civil contempt sanction for the time he spent in jail awaiting the support enforcement hearing, and the court properly denied his requested relief. Accordingly, we affirm.

The relevant facts and procedural history of this case are as follows. On May 9, 2001, Appellee, Kelly Warmkessel, filed a complaint for child support. By order entered on January 8, 2002, the court directed Appellant to pay child support for his two children in the total amount of two hundred and sixty dollars ($260.00) per month. Despite this order, Appellant failed to make regular payments. Over the years that followed, the Domestic Relations Section had to file numerous petitions to enforce the support order, and with little success. Appellant also tried to modify the support order on several occasions but then failed to appear/prosecute his petitions. As a result, Appellant managed to accumulate substantial arrearages.

The year 2009 began with a contempt compliance conference listed for January 20, 2009. That conference was continued because Appellant had a workers' compen-

rior Court.

sation medical examination scheduled for January 29, 2009, that could lead to benefits. On the day of the rescheduled conference, Appellant signed an authorization to attach any retroactive lump sum he might receive in workers' compensation benefits. What followed was a series of contempt petitions, scheduled conferences, postponements and finally a support enforcement hearing listed for November 6, 2009. Although properly served, Appellant failed to appear at the November 6, 2009 support enforcement hearing. Consequently, the court issued a bench warrant for Appellant's arrest.

On February 5, 2010, police took Appellant into custody on the outstanding bench warrant. The court set unsecured bail at $5,000.00 ROR and immediate release if Appellant paid court costs of $525.08. The court re-scheduled the support enforcement hearing for February 26, 2010. Notwithstanding the nominal release conditions, Appellant stayed in jail until the hearing.

On February 26, 2010, the court held the re-scheduled support enforcement hearing. At that time, Appellant was six thousand and thirty-seven dollars ($6,037.00) delinquent in his child support payments. Following the hearing, the court held Appellant in civil contempt and sanctioned Appellant with a maximum of three (3) months' imprisonment with a minimal purge amount of one hundred dollars ($100.00). Appellant's counsel asked the court to give Appellant credit against the three-month sanction for the twenty-one (21) days he had already spent in custody on the bench warrant before the re-scheduled support hearing. The court declined but invited counsel to submit legal authority on the issue for the court's review.

On March 4, 2010, Appellant filed a motion for reconsideration, arguing he was entitled to what he called "credit for time served," based on equal protection grounds. By order dated March 19, 2010, the court expressly granted reconsideration. On April 22, 2010, the court denied the requested relief. Appellant timely filed his notice of appeal on May 20, 2010. That same day, the court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa. R.A.P. 1925(b), which Appellant timely filed on June 8, 2010.

Appellant raises the following issues for our review:

IS THE ISSUE RAISED BY APPELLANT, WHICH IS CAPABLE OF REPETITION, BUT LIKELY TO EVADE REVIEW, MOOT AS HE IS NO LONGER INCARCERATED IN CONNECTION WITH THE [TRIAL] COURT'S FINDING OF CIVIL CONTEMPT?

DID THE [TRIAL] COURT ABUSE ITS DISCRETION BY FAILING TO CREDIT TOWARDS APPELLANT'S CIVIL CONTEMPT [SANCTION] TIME SPENT INCARCERATED ON A DOMESTIC RELATIONS BENCH WARRANT AND HIS SUBSEQUENT INABILITY TO MEET CONDITIONS OF BAIL?

DID THE [TRIAL] COURT VIOLATE APPELLANT'S EQUAL PROTECTION RIGHTS UNDER THE CONSTITUTIONS OF BOTH THE UNITED STATES AND THE COMMONWEALTH OF PENNSYLVANIA BY FAILING TO CREDIT TOWARDS HIS CIVIL CONTEMPT [SANCTION] TIME SPENT INCARCERATED ON A DOMESTIC RELATIONS BENCH WARRANT AND HIS SUBSEQUENT INABILITY TO MEET CONDITIONS OF BAIL?

DID THE [TRIAL] COURT VIOLATE APPELLANT'S RIGHT TO DUE PRO-

CESS UNDER THE CONSTITUTIONS OF BOTH THE UNITED STATES AND THE COMMONWEALTH OF PENNSYLVANIA BY FAILING TO CREDIT TOWARDS HIS CIVIL CONTEMPT [SANCTION] TIME SPENT INCARCERATED ON A DOMESTIC RELATIONS BENCH WARRANT AND HIS SUBSEQUENT INABILITY TO MEET CONDITIONS OF BAIL?

(Appellant's Brief at 4).

For purposes of disposition, we consider Appellant's issues together. Appellant concedes he was released from prison upon completion of his civil contempt commitment on May 26, 2010. Nevertheless, Appellant argues his claim meets an exception to the mootness doctrine because he is subject to a continuing support order and might be subject to contempt proceedings in the future where the issue of credit for time served in that context could arise again. Appellant asserts his claim also meets an exception to the mootness doctrine because the issue of credit for time served in the civil contempt context is capable of repetition by other similarly situated defendants.

■ Appellant further concedes the dominant purpose of the court's sanction of incarceration was to coerce Appellant to comply with his child support obligations. Appellant suggests, however, that the time he spent in jail prior to the support enforcement hearing should qualify as coercive, such that the court's decision to deny him credit for the pre-hearing time served was manifestly unreasonable. Appellant submits it was manifestly unreasonable for the court to conclude that the pre-hearing time spent in detention was not "coercive"

time because it had a different purpose. Appellant emphasizes he was financially unable to meet his bail conditions to pay the required $525.08 in court costs, so he had to spend the twenty-one (21) days incarcerated in addition to his three-month sanction. Essentially, Appellant complains the court denied him his fundamental right to be free from confinement based on his status as an indigent person. Appellant also reasons criminal defendants receive credit for all the time they spend in custody in connection with a criminal charge, so the court's failure to credit him for the pre-hearing time served, due to his status as a civil contemnor, also unfairly deprived him of his fundamental right to be free from confinement. Appellant maintains the policy reasons behind the statute granting credit for time served in the criminal context are equally applicable to his civil circumstances. Appellant concludes the court's refusal to credit him for his pre-hearing time denied Appellant his equal protection rights under both the United States and Pennsylvania Constitutions.[1] For the following reasons, Appellant's claims merit no relief.

■ Preliminarily, we observe:

As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon

---

1. Appellant makes a similar argument on due process grounds. Appellant failed to raise his due process argument in his motion for reconsideration or Rule 1925(b) statement.

Consequently, he waived that claim on appeal. *See* Pa.R.A.P. 302(a) (stating issues not raised in trial court are waived and cannot be raised for first time on appeal).

the issue the court cannot enter an order that has any legal force or effect.

\* \* \*

▆▆▆▆ [T]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*In re D.A.*, 801 A.2d 614, 616 (Pa.Super.2002) (*en banc*) (internal citations and quotation marks omitted). "The concept of mootness focuses on a change that has occurred during the length of the legal proceedings." *In re Cain*, 527 Pa. 260, 263, 590 A.2d 291, 292 (1991). "If an event occurs that renders impossible the grant of the requested relief, the issue is moot and the appeal is subject to dismissal." *Delaware River Preservation Co., Inc. v. Miskin*, 923 A.2d 1177, 1183 n. 3 (Pa.Super.2007).

▆▆▆ Instantly, Appellant was released from prison upon the completion of his civil contempt commitment on May 26, 2010. Nevertheless, Appellant's release from prison does not render the issue moot because Appellant is subject to a continuing support order where Appellant might once again face civil contempt proceedings raising the issue of credit for time served, and other similarly situated defendants might raise the same claim. Therefore, this matter qualifies as an exception to the mootness doctrine. *See In re D.A., supra. See, e.g., Barrett v. Barrett*, 470 Pa. 253, 368 A.2d 616 (1977) (holding completion of imprisonment sanction imposed for civil contempt did not render claims on appeal moot where appellant remained subject to orders of support and failure to comply with those orders might again subject him to contempt proceedings); *Griffin v. Griffin*, 384 Pa.Super. 210, 558 A.2d 86 (1989) (holding husband's release from prison upon satisfying his support arrearages did not render issue on appeal moot where husband remained subject to continuing support order under which he could again be subject to contempt proceedings giving rise to same issue).

The relevant standard and scope of review is as follows:

Our Supreme Court has held that an appellate court has the authority to determine whether the findings of the trial court support its legal conclusions, but may only interfere with those conclusions if they are unreasonable in light of the trial court's factual findings. This Court will not reverse or modify a final decree unless there has been an error of law or an abuse of discretion, or if the findings are not supported by the record, or there has been a capricious disbelief of the credible evidence. Furthermore [e]ach court is the exclusive judge of contempt against its process, and on appeal its actions will be reversed only when a plain abuse of discretion occurs.

*Mrozek v. James*, 780 A.2d 670, 673 (Pa.Super.2001) (internal citations and quotation marks omitted).

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

Where the discretion exercised by the trial court is challenged on appeal, the

party bringing the challenge bears a heavy burden.

> [I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if ... charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Chenot v. A.P. Green Services, Inc.,* 895 A.2d 55, 61–62 (Pa.Super.2006).

"Contempt is a generic concept distinguished by two types, criminal and civil contempt. The difference is not of the essence, but of the purpose sought by their use. The gravamen of both is the obstruction of orderly process, and each serves a different purpose for regulating obstruction." *Crozer–Chester Medical Center v. Moran,* 522 Pa. 124, 130, 560 A.2d 133, 136 (1989).

> The distinction between criminal and civil contempt is ... a distinction between two permissible judicial responses to contumacious behavior. These judicial responses are classified according to the dominant purpose of the court. If the dominant purpose is to vindicate the dignity and authority of the court and to protect the interest of the general public, it is a proceeding for criminal contempt. But where the act of contempt complained of is the refusal to do or refrain from doing some act ordered or prohibited primarily for the benefit of some private party, proceedings to enforce compliance with the decree of the court are civil in nature.

> The purpose of a civil contempt proceeding is remedial. Judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances, to compensate the complainant for losses sustained.

> The factors generally said to point to a civil contempt are these: (1) [w]here the complainant is a private person as opposed to the government or a governmental agency; (2) where the proceeding is entitled in the original ... action and filed as a continuation thereof as opposed to a separate and independent action; (3) where holding the [respondent] in contempt affords relief to a private party; (4) where the relief requested is primarily for the benefit of the complainant; and (5) where the acts of contempt complained of are primarily civil in character and do not of themselves constitute crimes or conduct by the [respondent] so contumelious that the court is impelled to act on its own motion.

*Stahl v. Redcay,* 897 A.2d 478, 486 (Pa.Super.2006), *appeal denied,* 591 Pa. 704, 918 A.2d 747 (2007) (quoting *Commonwealth v. Ashton,* 824 A.2d 1198, 1202 (Pa.Super.2003)) (internal citations omitted). Whether a particular order contemplates civil or criminal contempt is imperative because each classification confers different and distinct procedural rights on the contemnor. *Lachat v. Hinchliffe,* 769 A.2d 481, 487 (Pa.Super.2001).

Section 4345 of the Domestic Relations Code ("DRC") governs punishment for contempt in support actions as follows:

**§ 4345. Contempt for noncompliance with support order**

(a) **General rule.**—A person who willfully fails to comply with any order under this chapter, except an order subject to section 4344 (relating to contempt for

failure of obligor to appear), may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:

(1) Imprisonment for a period not to exceed six months.

(2) A fine not to exceed $1,000.

(3) Probation for a period not to exceed one year.

**(b) Condition for release.**—An order committing a defendant to jail under this section shall specify the condition the fulfillment of which will result in the release of the obligor.

23 Pa.C.S.A. § 4345.

> To be found in civil contempt, a party must have violated a court order. Accordingly, the complaining party must show, by a preponderance of the evidence, that a party violated a court order. The alleged contemnor may then present evidence that he has the present inability to comply and make up the arrears. When the alleged contemnor presents evidence that he is presently unable to comply
>
>> the court, in imposing coercive imprisonment for civil contempt, should set conditions for purging the contempt and effecting release from imprisonment with which it is convinced beyond a reasonable doubt, from the totality of the evidence before it, the contemnor has the present ability to comply.

*Childress v. Bogosian*, 2011 PA Super 5, 12 A.3d 448, 465 (2011) (internal citations omitted).

Pennsylvania law provides for pre-sentence confinement credit in the criminal context as follows:

**§ 9760. Credit for time served**

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the for-

mer charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760. The DRC does not provide an analogous pre-sanction confinement credit in the civil context. *See* 23 Pa.C.S.A. § 4345.

■ In the instant case, Appellant failed to pay court-ordered child support. Following the February 26, 2010 support enforcement hearing, the court held Appellant in civil contempt and imposed sanctions of a maximum of three (3) months' imprisonment with a minimal purge amount of one hundred dollars ($100.00). Appellant's counsel asked the court to give Appellant credit against the three-month sanction for the twenty-one (21) days he had already spent in custody on the bench warrant before the rescheduled support hearing. The court declined. In support of its decision, the court reasoned:

> Pursuant to ... civil contempt case law and the facts of this case, this [c]ourt set the [sanction] such that Appellant would, hopefully, be coerced into paying, and, consequently, immediately purge his contempt. It is impossible to predict how much time any one civil contempt defendant will choose to spend incarcerated. The relevant factors are whether a[c]ourt sets the appropriate purge, and whether the [c]ourt sets an appropriate [sanction] to "coerce" a defendant into paying the purge. As ... Appellant in this case did not appeal the purge amount, it is an established fact that the $100 was the legally correct purge amount. Therefore, how long Appellant spent committed to prison was entirely his decision. Appellant's equal protection argument makes no sense in this civil contempt context.

> This [c]ourt found that a three-month potential maximum imprisonment was the coercion required to force ... Appellant, who had a long track record of making zero child support payments, into making the purge payment. For the sake of argument, if Pennsylvania or constitutional law had required that Appellant receive credit time toward his civil sentence, then this [c]ourt would have given Appellant a longer [sanction] to offset the credit and achieve the required level of coercion. This [c]ourt set a $100 purge and a maximum commitment period of three months. The maximum allowable incarceration [sanction] for civil contempt for failure to comply with a child support order is six months. 23 Pa.C.S.A. § 4345(a)(1). Therefore, there was ample room to extend the maximum potential [sanction] to three months and twenty-one days to achieve the necessary amount of coercion.

As to Appellant's discretion challenge, this [c]ourt did not abuse its discretion because there is no case law nor statute in Pennsylvania establishing that credit time shall be given in a civil contempt context. Furthermore, ... Appellant's constitutional argument was groundless in light of the facts of this case and in the context of the coercive purpose of civil contempt. This [c]ourt followed the child support law in setting a purge amount that Appellant was immediately capable of paying. Appellant did not appeal this purge amount. Thus, Appellant could have immediately purged his contempt and ended his incarceration. This [c]ourt set a maximum incarceration time period designed, per law, to coerce ... Appellant into paying his purge and contribute toward his children's support. Applying credit time to the three month maximum incarceration [sanction] would have undercut the coercion and undermined the purpose of the civil contempt order. Appellant had no legal entitlement for time served to be credited toward a civil contempt commitment. His purge amount was set very

low. His [sanction] was half of the allowable maximum civil contempt [sanction]. Thus, this [c]ourt acted pursuant to the applicable support law and did not abuse its discretion.

(Trial Court Opinion, filed June 25, 2010, at 4–6). We agree. Here, Appellant had the opportunity for immediate release ROR from his pre-hearing confinement, upon payment of modest court costs. After finding Appellant in civil contempt for failure to meet his child support obligations, the court imposed coercive confinement under 23 Pa.C.S.A. 4345, with a *de minimis* purge amount of $100.00. The court was convinced beyond a reasonable doubt, under the circumstances presented, that Appellant had the present ability to pay the purge amount. *See Childress, supra.* On appeal, there is no dispute that the purge amount was reasonable.

With respect to Appellant's time-served arguments, he provides no **relevant** statute or case law that requires a court to give credit toward a civil contempt commitment for pre-hearing time served. Instead, Appellant couches his complaints in bold, general, and sweeping terms of deprivation of constitutional rights, which must necessarily fail. *See Lerner v. Lerner,* 954 A.2d 1229, 1240 (Pa.Super.2008) (citing *Jones v. Jones,* 878 A.2d 86, 91 (Pa.Super.2005) (reiterating general rule: "It is the appellant who has the burden of establishing [his] entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. Where the appellant has failed to cite any authority in support of a contention, the claim is waived")). *See also Commonwealth v. Johnson,* 967 A.2d 1001 (Pa.Super.2009) (stating right to credit for time served prior to trial or sentence is statutory; there is no constitutional right to credit for pretrial/pre-sentence detention). As a result, we see no reason to disturb the court's decision to deny Appellant's request for credit for time served on the grounds alleged.

Based upon the foregoing, we hold Appellant was not entitled to "credit" against his civil contempt sanction for the time he spent in jail awaiting the support enforcement hearing, and the court properly denied his requested relief. Accordingly, we affirm.

Order affirmed.