J-A27032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EARL W. MCKEEVER, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KRISTEN M. (CARRERA) MCKEEVER | |
| APPEAL OF: MARY E. BALOH | No. 1772 WDA 2014 |

Appeal from the Order Entered September 22, 2014
In the Court of Common Pleas of Westmoreland County
Civil Division at No: 1434 of 2009-D

BEFORE: BOWES, OLSON, AND STABILE, JJ.

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 21, 2015**

Appellant, Mary E. Baloh, former counsel for plaintiff, Earl W. McKeever, appeals from the trial court's September 22, 2014 order denying her motion for recusal. We quash.

The parties' custody action commenced with Mr. McKeever's complaint against Kristen M. (Carrera) McKeever on July 28, 2009. This appeal does not relate in any way to the parties' custody dispute. Rather, Appellant has filed this collateral appeal from the September 22, 2014 order of Judge Harry F. Smail, Jr. of the Westmoreland County Court of Common Pleas, denying her motion for Judge Smail's recusal. She claims Judge Smail cannot preside with impartiality because Appellant represented Judge Smail's former wife in child custody litigation. Appellant's representation of

Judge Smail's ex-wife occurred twenty years ago, and the representation lasted less than one year. Trial Court Opinion, 12/5/14, at 2 n.2.

The relevant procedural history is as follows. Appellant, while serving as counsel for Mr. McKeever, hired an attorney to file a motion for recusal on Appellant's behalf. On October 9, 2014, several weeks after Judge Smail denied the recusal motion, Appellant withdrew her appearance on behalf of Mr. McKeever and a different attorney entered an appearance on Mr. McKeever's behalf. On October 17, 2014, Appellant's counsel filed an emergency motion for reconsideration of Judge Smail's September 22, 2014 before Westmoreland County Common Pleas Judge Richard E. McCormick. Judge McCormick denied the motion as improperly before him. On October 21, 2014, Appellant filed a motion for reconsideration with Judge Smail. Judge Smail denied that motion, and on October 22, 2014, Appellant filed this timely appeal from Judge Smail's September 22, 2014 order.

Appellant asserts that Judge Smail erred in finding recusal unnecessary under the circumstances of this case. Appellant further argues Judge Smail's refusal to recuse himself in this and any future case violates her due process rights. Appellant notes that she practices family law in Westmoreland County, and Judge Smail is one of only four judges who could preside over Appellant's cases. Appellant therefore asserts that her inability to represent any client whose case is assigned to Judge Smail constitutes an unconstitutional taking of a property right. We conclude that we lack

jurisdiction over this appeal. We therefore cannot address the merits of Appellant's arguments.

Rule 313 of the Pennsylvania Rules of Appellate Procedure permits this Court to exercise jurisdiction over collateral orders in defined circumstances. Rule 313(b) defines the three elements of an appealable collateral order: "A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). "[T]he collateral order doctrine is a specialized, practical application of the general rule that only final orders are appealable as of right." *Melvin v. Doe*, 836 A.2d 42, 46-47 (Pa. 2003). "Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule." *Id.* at 47. "To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral." *Id.*

The order denying Appellant's recusal motion plainly is separable from and collateral to the underlying action. Indeed, Appellant's quest to obtain Judge Smail's recusal is entirely unrelated to the parties' custody action. We must next consider whether the asserted right is too important to be denied review, and/or whether the right will be irreparably lost if Appellant is forced to await final judgment. Appellant addressed these issues in response to

this Court's November 10, 2014 rule to show cause why this appeal should not be quashed:

> *Attorney Baloh was the attorney for Judge Smail's ex-wife in a bitterly contested and acrimonious custody matter in Westmoreland County.*
>
> Attorney Baloh, as a matter of professional ethics and candor to every potential or actual client who hires her and who must appeal before Judge Smail, will be obligated to let that client know of her former representation and deal with the appearance of bias, potential for any imaginary [sic], perceived or real prejudice that Judge Smail may have in adjudicating matters for that client by reason of the presence of Attorney Baloh as counsel of record.
>
> [...]
>
> At the time of the hearing wherein his Honor recited that **the Father/Husband in this particular matter did not find his recusal warranted**, the Court failed to note on the record that the gentleman was not represented any longer by Mary Baloh.
>
> It is respectfully suggested that Judge Smail's refusal to recuse himself in matters involving Attorney Baloh presents a constitutional issue: Attorney Baloh is being deprived of property, her ability to earn a living practicing law, for all clients assigned to Judge Smail because of the existing administrative assignment protocol.
>
> **In summary, this case is not about what should happen in the McKeever matter still pending in the lower court.** It is about what should happen in the next case and the untold number of cases that Attorney Mary Baloh will be denied, without hearing for no valid reason other than the presence of Judge Harry Smail being on the bench of Westmoreland County and being assigned to a case that involves Attorney Mary Baloh.

Response to Rule to Show Cause, 11/24/14, at 1-2 (italicized emphasis in original; bolded emphasis added).

- 4 -

We respectfully but strongly disagree with Appellant's assessment of the circumstances. This is a child custody dispute between the McKeevers. Contrary to Appellant's assertion, therefore, this case is entirely "about what should happen in the McKeever matter." Furthermore, the recusal motion does not implicate Appellant's asserted constitutional rights. The recusal motion implicates Mr. McKeever's right to have a fair and impartial jurist preside over his case. *See, e.g. Reilly v. SEPTA.*, 489 A.2d 1291, 1295 (Pa. 1985) ("No allegation of bias or animosity of the judge to [the litigant] was ever alleged. Any such animosity, standing alone, between a lawyer and judge is irrelevant."). The record indicates Mr. McKeever has chosen to proceed with substitute counsel rather than persist in seeking Judge Smail's recusal. Appellant therefore has no right at stake in this custody action, let alone a right sufficiently important to merit collateral review.[1] Appellant

_____

[1] The trial court found the recusal issue moot, given Appellant's withdrawal of her appearance. "As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." *Warmkessel v. Heffner*, 17 A.3d 408, 412 (Pa. Super. 2011), *appeal denied*, 34 A.3d 833 (Pa. 2011). This Court will decide a moot case where: "1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court." *Id.* at 413.

Appellant argues the alleged harm is capable of repetition, yet evading review. We need not address the mootness doctrine in detail given our conclusion that we lack jurisdiction over this appeal. However, Judge Smail correctly observed that Appellant could file a recusal motion in any future case where she is before him.

nonetheless persists in seeking a declaration that Judge Smail cannot preside over any case in which Appellant is counsel. We discern no legal basis upon which this Court, presiding over an appeal in a child custody dispute, can issue a decision preemptively directing a trial court judge to recuse himself from any future case involving a party's former counsel.

We appreciate Appellant's desire to resolve an issue that she believes will affect many of her prospective clients. We nonetheless remind counsel of her obligation to make "reasonable efforts to expedite litigation consistent with the interests of the client" in accordance with Rule 3.2 of the Rules of Professional Conduct. In this case, Appellant has placed Mr. McKeever's custody dispute on hold indefinitely while she seeks to vindicate her asserted constitutional rights. If Appellant believes Judge Smail has deprived her of a constitutional right without due process of law, she should seek redress by other legal means that may be available.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/21/2015

- 6 -