J-S33003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: M.D.A. A/K/A B.A., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.R.M., MOTHER | : | No. 141 EDA 2018 |

Appeal from the Decree December 6, 2017
in the Court of Common Pleas of Bucks County
Orphans' Court at No(s): 2017-9081

BEFORE: OTT, J., McLAUGHLIN, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY OTT, J.: **FILED JUNE 20, 2018**

S.R.M. ("Mother") appeals from the decree entered December 6, 2017, in the Court of Common Pleas of Bucks County, which involuntarily terminated her parental rights to her son, M.D.A. a/k/a B.A. ("Child"), born in March 2000.[1] Also before us is a petition to withdraw and brief filed by Mother's counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We dismiss the appeal as moot and grant counsel's petition to withdraw.

After careful review, we conclude that counsel complied substantially with the requirements necessary to withdraw pursuant to **Anders** and

_____

* Former Justice specially assigned to the Superior Court.

[1] The orphans' court entered a separate decree that same day, terminating the parental rights of Child's father, D.A. Child's father did not appeal the termination of his parental rights, nor did he file a brief in connection with this appeal.

*Santiago*.   *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.

Super. 2013) (*en banc*) (setting forth the requirements for counsel's petition

to withdraw and *Anders* brief).

Mother filed a timely appeal to the December 6, 2017 decree terminating

her parental rights, however, we cannot reach the merits of Mother's appeal,

because it is moot.   This Court has explained the doctrine of mootness as

follows:

> As a general rule, an actual case or controversy must exist at all
> stages of the judicial process, or a case will be dismissed as moot.
> An issue can become moot during the pendency of an appeal due
> to an intervening change in the facts of the case or due to an
> intervening change in the applicable law.  In that case, an opinion
> of this Court is rendered advisory in nature.  An issue before a
> court is moot if in ruling upon the issue the court cannot enter an
> order that has any legal force or effect.
>
> This Court will decide questions that otherwise have been
> rendered moot when one or more of the following exceptions to
> the mootness doctrine apply: 1) the case involves a question of
> great public importance, 2) the question presented is capable of
> repetition and apt to elude appellate review, or 3) a party to the
> controversy will suffer some detriment due to the decision of the
> trial court.

*Orfield v. Weindel*, 52 A.3d 275, 277-78 (Pa. Super. 2012) (quoting

*Warmkessel v. Heffner*, 17 A.3d 408, 412–13 (Pa. Super. 2011), *appeal*

*denied*, 34 A.3d 833 (Pa. 2011)).

In this case, Child has lived with his pre-adoptive foster mother, L.S.,

since November 2015.  The record is clear that L.S. is committed to adopting

Child, and that Child is eager to be adopted.  Critically, Child reached age

eighteen in March 2018. Because Child is now an adult, the Adoption Act, 23 Pa.C.S.A. § 2101, *et seq.*, no longer requires Mother's parental rights to be terminated in order for the adoption to proceed. Section 2711(a) of the Act provides as follows:

> **(a) General rule.--**Except as otherwise provided in this part, consent to an adoption shall be required of the following:
>
> (1) The adoptee, if over 12 years of age.
>
> (2) The spouse of the adopting parent, unless they join in the adoption petition.
>
> (3) The parents or surviving parent of an adoptee who has not reached the age of 18 years.
>
> (4) The guardian of an incapacitated adoptee.
>
> (5) The guardian of the person of an adoptee under the age of 18 years, if any there be, or of the person or persons having the custody of the adoptee, if any such person can be found, whenever the adoptee has no parent whose consent is required.

23 Pa.C.S.A. § 2711(a).

Accordingly, this Court cannot render a decision having any effect, because Child can consent to his own adoption regardless of Mother's wishes. There is no longer any case or controversy for this Court to resolve, and any opinion we would issue would be advisory in nature. None of the exceptions

to the mootness doctrine listed in **Orfield** applies.  Therefore, we dismiss this

appeal as moot and grant counsel's petition to withdraw.

Appeal dismissed.  Petition to withdraw granted.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/18