J-S38027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J.W.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| C.G.K. | : | No. 483 MDA 2020 |

Appeal from the Order Entered February 18, 2020
In the Court of Common Pleas of Lebanon County Civil Division at No(s):
2014-20241

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED NOVEMBER 17, 2020**

Here, J.W.K. ("Wife") sought to enforce an order setting an amount C.G.K. ("Husband") could pay to purge himself of contempt for failure to make payments pursuant to a Marital Dissolution Agreement ("MDA"). The trial court denied Wife relief, and she has appealed. We affirm.

In October 2019, the court held Husband in contempt, sentenced him to jail, and set a purge amount. The order provided that Husband could purge himself of contempt by "paying the sum of $100.00 of the amount owed for missed payments under the parties' [MDA] within thirty (30) days of this Order and by commencing payments of $100.00 . . . each month thereafter toward the balance due to [Wife] until the amount owed is paid in full." Trial Ct. Order, 10/11/19, at 2.

_____

[*] Former Justice specially assigned to the Superior Court.

Approximately a month later, in November 2019, Wife moved to enforce the contempt order. She contended that the October 2019 order required Husband to pay $2,800, and she had only received $100 in payment. Following a hearing,[1] the court issued an order in February 2020, "to correct what appears to be misapprehensions as to the meaning of the terms of our Order." *Id.* at 1. It explained, "Although we were aware that [Husband] was $2,800 in arrears at the time of the October 2019 order, our Order set as a purge amount only a payment of $100 and not a purge payment of the entire $2,800." *Id.* The order stated that it would serve as a final order for appellate purposes. Wife filed a timely appeal of the February 18, 2020 order.

Wife raises one question on appeal: "Did [the] Trial Court commit an error of law and/or abuse its discretion when its Order of February 18, 2020, in finding contempt against [Husband] reduced [Wife's] monthly contractual payments under the parties' [MDA] from $1,100.00 a month to $100.00 a month?" Wife's Br. at 5.

_____

[1] Although it appears that Wife requested a transcript of the February 11, 2020 hearing, a transcript of that hearing is not in the certified record. It is the appellant's duty to ensure that the certified record in a case is complete and contains all materials necessary for the reviewing court. *See* ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa.Super. 2006) (*en banc*). Wife did enclose a copy of the transcript in her supplemental reproduced record; however, she did not petition to have the record corrected pursuant to Rule 1926. *See* Pa.R.A.P. 1926(b) (providing means for correcting record if anything material is omitted). Husband did not object to the accuracy of the transcript Wife provided, and in any event, the transcript is not material to our decision. Hence, we will not penalize Wife for this omission.

Before we address Wife's issue, we must dispose of Husband's contention that Wife's appeal is untimely. Husband claims that the actual order at issue is the court's October 2019 order, which set the initial purge amount. He states, correctly, that Wife did not file a timely appeal from that order. Therefore, he argues, the present appeal, which Husband characterizes as challenging the court's October 2019 order through its February 2020 "clarification" order, was untimely.

We do not agree. Although the court explained the terms of the October 2019 order in the February 2020 order, the February 2020 order addressed Wife's petition to enforce the October 2019 order. Because she appealed within 30 days of the entry of that order, her appeal was timely.

On the merits, Wife contends that the trial court improperly reduced the amount of Husband's monthly payments to $100, instead of ordering him to pay the full amount under the MDA. Here, we agree with Husband that Wife's argument is an improper collateral attack on the October 2019 order. That order was a final adjudication of Wife's contempt petition and she could have appealed to correct any errors she perceived in the relief the trial court afforded her. She did not. As a result, the provisions of that order are final, and not subject to review. As stated above, although the February 2020 order set forth the terms of the October 2019 order, it did so only insofar as it was explaining that it had denied Wife's enforcement petition because Husband had complied with the October 2019 order. The February 2020 order did not serve as a re-imposition of the terms of the October 2019 order.

Moreover, even if Wife had appealed from the October 2019 order, we would find her claim meritless. "Appellate review of a contempt order is limited to deciding whether the trial court abused its discretion. The trial court abuses its discretion if, in resolving the issue for decision, it misapplies the law, exercises its discretion in an unreasonable manner, or does not follow legal procedure." ***Glynn v. Glynn***, 789 A.2d 242, 248 (Pa.Super. 2001) (*en banc*) (citations omitted).

"The purpose of a civil contempt proceeding is remedial. Judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances, to compensate the complainant for losses sustained." ***Warmkessel v. Heffner***, 17 A.3d 408, 414 (Pa.Super. 2011) (quoting ***Stahl v. Redcay***, 897 A.2d 478, 486 (Pa.Super. 2006)). The trial court shall then make a finding, based on the evidence presented at the hearing, whether the contemnor has the present ability to pay. If a party who has been found to be in civil contempt presents evidence of a present inability to comply and make up arrears, the court should set conditions for purging the contempt and effecting release from imprisonment. ***See id.*** at 414-15.

This purge condition should not be punitive; rather, "[t]he purpose of a civil contempt order is to coerce the contemnor to comply with a court order." ***Childress v. Bogosian***, 12 A.3d 448, 465 (Pa.Super. 2011) (citation omitted). Thus, a trial court abuses its discretion by imposing a monetary purge condition if the contemnor does not have the present ability to pay the purge amount. ***See id.*** at 465-66; ***see also Hyle v. Hyle***, 868 A.2d 601, 605

(Pa.Super. 2005) (holding that trial court abused its discretion in setting purge condition based on finding that contemnor could earn purge amount within "a short period of time").

Here, following a hearing, the court determined that Husband had the ability to pay $100 a month toward the amount owed Wife. Therefore, in its order ordering imprisonment for civil contempt, the trial court imposed a monetary purge condition based on its findings of Husband's ability to pay. Not only did the court have the authority to set a purge amount lower than that which Husband initially agreed to pay, it had the responsibility to do so if, as was the case here, the court's determination of Husband's ability to pay dictated a lower purge amount.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2020