J-A24008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HEIDI NOLL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PAUL ABELN | : | |
| | : | |
| Appellant | : | No. 228 EDA 2021 |

Appeal from the Order Entered December 15, 2020
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
No. 2020-PF-1410

BEFORE:   LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED OCTOBER 15, 2021**

Paul Abeln (Father) appeals from the order entering Protection from Abuse (PFA) orders against both Father and Heidi Noll (Mother), pursuant to 23 Pa.C.S. §§ 6101 *et seq.*, on reciprocal PFA petitions.[1]  The order, entered on December 15, 2020, prohibited the parties from contact with one another, except as provided in the parties' custody order, for a period of six months.

Instantly, the court's PFA order expired on June 15, 2021.  "As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." ***In re D.A.***, 801 A.2d 614, 616 (Pa. Super. 2002) (quoting ***In re Duran***, 769 A.2d 497 (Pa. Super. 2001)).  "This Court will decide questions that otherwise have been rendered moot

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mother did not appeal the order.

when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court." *Ferko–Fox v. Fox*, 68 A.3d 917, 920 (Pa. Super. 2013) (quoting *Warmkessel v. Heffner*, 17 A.3d 408, 413 (Pa. Super. 2011)).

This case does not present a question of great public importance, as Father raises claims that merely challenge the trial judge's discretion in conducting matters before her court and the sufficiency of the evidence presented in this particular case. Likewise, this case does not present a question that is capable of repetition and apt to elude appellate review. A case is "capable of repetition, yet evading review" when "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, **and** (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Commonwealth v. Roger Buehl, Appeal of Philadelphia Newspapers, Inc.*, 462 A.2d 1316 (1983), citing *Weinstein v. Bradford*, 423 U.S. 147 (1975) (emphasis added). Though the six-month order may be too short a time to be fully litigated on appeal, we cannot countenance as reasonable any expectation that Father will be subjected to this action again. *Cf. Snyder v. Snyder*, 629 A.2d 977, 980 n.1 (Pa. Super. 1993) (reviewing expired six-month PFA order on basis that it fell "into the well-recognized exception to the mootness doctrine of a case which has important public policy considerations

and yet may escape review.").[2]  Finally, since the court entered reciprocal PFA orders, the parties are on equal footing as far as attempting to point to a prior PFA as a means of blackmail or vindictiveness in a subsequent domestic relationship proceeding.  *See* 23 Pa.C.S. § 6107.

Mootness "stands on the predicate that a subsequent change in circumstances has eliminated the controversy so that the court lacks the ability to issue a meaningful order, that is, an order that can have any practical effect."  ***Burke ex rel. Burke v. Indep. Blue Cross***, 103 A.3d 1267, 1271 (Pa. 2 014).  Here, expiration of the order has eliminated the controversy. We, therefore, dismiss this appeal as moot.  ***See Ferko***, ***supra***.

Appeal dismissed.[3]

_____

[2] We note that because Section 6108(d) of the PFA permits a court to issue a protection order for a duration of up to three years, this Court has ample opportunity to engage in appellate review of issues raised in the PFA context. Section 6108 originally provided that the maximum duration of a protection order could not exceed one year.  23 Pa.C.S. § 6108(b) (1991) (P.L. 1240, No. 206, § 2, enacted Dec. 19, 1990).  In 2000, this time period was extended to 18 months, 23 Pa.C.S. § 6108(d) (2000) (P.L. 35, No. 10, enacted May 10, 2000), and to three years in 2006.  23 Pa.C.S. § 6108(d) (2006) (P.L. 335, No. 66, § 8, enacted Nov. 10, 2005).

[3] The December 15, 2020 order was entered on the trial court docket on December 16, 2020.  Father's appeal was required to be filed within thirty days of December 16th, no later than January 15, 2021.  ***See*** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after order is entered on the trial court docket); Pa.R.A.P. 108(b) (date of entry of an order shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)).  Here, Father's appeal was not filed until January 19, 2021, four days late.  This Court entered a rule to show cause as to why the appeal should not be quashed.  ***See*** Order,

*(Footnote Continued Next Page)*

J-A24008-21

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2021

---

2/4/21. Father filed a response on February 8, 2021, and this Court discharged the rule without prejudice to the panel's review of that determination. **See** Order, 2/9/21. Because the delay was due to counsel's filing the notice of appeal in this Court on January 12, 2021, and not the court of common pleas, and where a breakdown in this Court's operations resulted in a failure to transfer the notice of appeal, we agree with the order discharging the rule and deny Mother's motion to quash the appeal as untimely filed. **See** Pa R.A.P. 905(4) (if a notice of appeal is mistakenly filed in an appellate court the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from and upon payment of filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed).

- 4 -