J-S21042-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| J.R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| D.D.D.A. AND M.U. | : | |
| | : | |
| APPEAL OF: D.D.D.A. | : | No. 1729 WDA 2016 |

Appeal from the Order October 13, 2016
In the Court of Common Pleas of Greene County
Civil Division at No(s): A.D. No. 785 of 2015

BEFORE: LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED APRIL 25, 2017**

D.D.D.A. (Mother) appeals from the order entered October 13, 2016, in the Court of Common Pleas of Greene County, which modified the parties' child custody arrangement, adjudicated Mother in civil contempt, and imposed sanctions. We vacate in part and remand for further proceedings consistent with this memorandum.

The history of the case relevant to this appeal is as follows. Mother has three Children: J.P.U., (born in October 2009), B.H.A., (born in May 2013), and G.P.R., (born in July 2015). J.R. (Father) is the biological father of G.P.R.; he stood *in loco parentis* to B.H.A. and J.P.U. and had begun the process of adopting them before he and Mother separated.[1] After the separation, Father filed a complaint for custody of Children. Pursuant to a

---

[1] Defendant M.U. is the biological father of J.P.U., and is the purported father of B.H.A.

*Retired Senior Judge assigned to the Superior Court.

November 23, 2015 order, Mother and Father shared legal custody of Children and had alternating weeks of physical custody.

On June 24, 2016, upon the emergency motion of Mother, the trial court suspended the November 2015 custody order and awarded custody to Mother. Father filed a petition for emergency relief, resulting in the trial court's reinstating the November 2015 custody order. Father then filed a petition for contempt, and the trial court scheduled a hearing.

No hearing was held. Instead, the trial court met with counsel and the parties in chambers. No record was made of the discussions. However, based upon the off-the-record conference, the trial court entered an order on October 13, 2016, modifying the parties' child custody arrangement. The order also included the following provisions.

> This order is made by a negotiated agreement between the parties with assistance of counsel after [Mother] admitted to being in contempt of prior court orders.

> The court orders [Mother] to thirty days of incarceration and now suspends the incarceration sentence subject to her continuing compliance with these terms and conditions which the court finds to be in the best interest of [C]hildren.

Order, 10/13/2016, at 5 (unnumbered pages) (unnecessary capitalization omitted).[2]

---

[2] This is an appealable final order pursuant to **Rhoades v. Pryce**, 874 A.2d 148, 151, (Pa. Super. 2008), *appeal denied*, 899 A.2d 1124 (Pa. 2006) (quoting **Wolanin v. Hashagen**, 829 A.2d 331, 332-33 (Pa. Super. 2003)) (explaining that a contempt order imposing a conditional sanction is final, even though the contemnor can avoid the sanction by satisfying a purge condition).

Mother filed a motion to vacate the order on November 2, 2016, which the trial court denied that same day. Mother timely filed a notice of appeal on November 10, 2016.[3]

Mother now raises the following issues for our review.

> I. Did the trial court apply the proper procedural standard for civil contempt of court proceedings?
>
> II. Did the trial court apply the proper legal standard for civil contempt of court proceedings?
>
> III. Did the trial court abuse its discretion in finding [Mother] to be in civil contempt of court without having a full evidentiary hearing?

Mother's Brief at 2.

While Mother lists three separate issues in her statement of questions involved, she presents all three issues together in the argument section of her brief. Mother contends that the trial court violated her right to due process by adjudicating her in civil contempt and imposing sanctions without conducting a hearing. Mother's Brief at 5-11.

We consider Mother's claim mindful of our well-settled standard of review.

---

[3] Mother failed to file a concise statement of errors complained of on appeal at the same time as her notice of appeal pursuant to Pa.R.A.P. 905(a)(2) and 1925(a)(2)(i). The trial court ordered Mother to file a concise statement within twenty-one days on November 17, 2016, and Mother timely complied by filing a concise statement on November 21, 2016. We have accepted Mother's concise statement pursuant to *In re K.T.E.L.*, 983 A.2d 745, 748 (Pa. Super. 2009) (holding that the appellant's failure to comply strictly with Pa.R.A.P. 1925(a)(2)(i) did not warrant waiver of her claims, as there was no prejudice to any party).

- 3 -

> When we review a trial court's finding of contempt, we are limited to determining whether the trial court committed a clear abuse of discretion. This Court must place great reliance on the sound discretion of the trial judge when reviewing an order of contempt. This [C]ourt also has stated that each court is the exclusive judge of contempts against its process.

***G.A. v. D.L.***, 72 A.3d 264, 269 (Pa. Super. 2013) (citations and quotation marks omitted).

This Court has explained the elements of civil contempt, as well as the necessary procedural due process protections, as follows.[4]

> To sustain a finding of civil contempt, the complainant must prove certain distinct elements: (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent. Furthermore, [w]hen holding a person in civil contempt, the court must undertake (1) a rule to show cause; (2) an answer and hearing; (3) a rule absolute; (4) a hearing on the contempt citation; and (5) an adjudication of contempt.

***Epstein v. Saul Ewing, LLP***, 7 A.3d 303, 318 (Pa. Super. 2010), *appeal denied*, 20 A.3d 1212 (Pa. 2011) (citations and quotation marks omitted). "Fulfillment of all five factors is not mandated, however. [T]he essential due process requisites for a finding of civil contempt are notice and an

---

[4] There is no dispute that the trial court adjudicated Mother in civil, rather than criminal, contempt. ***See Warmkessel v. Heffner***, 17 A.3d 408, 414 (Pa. Super. 2011) (quoting ***Stahl v. Redcay***, 897 A.2d 478, 486 (Pa. Super. 2006)) ("The purpose of a civil contempt proceeding is remedial. Judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances, to compensate the complainant for losses sustained.").

opportunity to be heard." ***Harcar v. Harcar***, 982 A.2d 1230, 1235 (Pa. Super. 2009) (citations and quotation marks omitted).

Here, it is clear that the trial court violated Mother's right to due process by adjudicating her in civil contempt and imposing sanctions without a hearing. In its opinion, the trial court indicates that a hearing was not necessary, because Mother "admitted to the Court of being in contempt of prior Court Orders" during the pre-hearing conference on October 11, 2016. Trial Court Opinion, 12/7/2016, at 4 (unnumbered pages).

The trial court's position finds no support in our law. Absent a hearing, this Court has no way of reviewing the record and ensuring that the evidence supports a finding of contempt. In addition, Mother has no opportunity to cross-examine witnesses, present testimony, and defend her actions. ***See Epstein***, 7 A.3d at 318 ("Appellees never received a hearing on the contempt citation. Thus, Appellees were not given an opportunity to establish why they did not act with wrongful intent when they refused to provide Ms. Kanter with financial information after the jury absolved them from liability for punitive damages.").

Accordingly, we vacate the portion of the October 13, 2016 order adjudicating Mother in civil contempt and imposing sanctions, and we remand this case for the trial court to conduct a hearing on J.R.'s petition for contempt.

Order vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 4/25/2017